HITCHCOCK *v.* SUPREME TENT OF KNIGHTS OF MACCA-
BEES OF THE WORLD.

1. DAMAGES—INSTRUCTIONS TO JURY—HARMLESS ERROR.
    An erroneous instruction authorizing a verdict for nominal damages is not prejudicial, where a verdict is returned for a substantial amount.

2. APPEAL—INSTRUCTIONS TO JURY.
    In the absence of positive error in the instructions given, a party who has presented no requests to charge cannot complain that his theory of the case was not properly presented to the jury.

Error to Saginaw; McKnight, J. Submitted October 11, 1895. Decided December 17, 1895.

*Assumpsit* by Edward M. Hitchcock against the Supreme Tent of the Knights of the Maccabees of the World, for the breach of a contract of employment. From a judgment in his favor for less than the amount claimed, plaintiff brings error. Affirmed.

*Rowland Connor*, for appellant.

*McDonell & Hall*, for appellee.

HOOKER, J. A statement of the facts necessary to show the character of this cause will be found in the opinion filed upon the former review, reported in 100 Mich. 40. Upon a second trial the court directed a verdict for the plaintiff, but left it to the jury to determine whether the damages should be more than nominal, and a verdict for $458.75 damages was returned. The plaintiff appeals.

It is claimed that it was error for the court to permit a verdict for nominal damages, for the reason that there was nothing to contradict the testimony tending to show substantial damage, and that his statement that the defendant, among other things, claimed that the plaintiff suffered no loss from being prevented from performing the contract, was unwarranted. The contract in question was one which gave to the plaintiff a share of his earnings for the defendant in the establishment of subordinate lodges of the order of Maccabees, in the State of Indiana. Of necessity, it was not demonstrable that such earnings would produce a particular sum in excess of necessary expenses, but the evidence might show a probability that they would exceed such expenses, and the amount of such excess might be reasonably deducible. Counsel seems to contend that under the evidence the last proposition was beyond dispute, and that the judge

should have told the jury that they must award more than nominal damages. But, as the jury found a verdict for a substantial sum, it is evident that no injury resulted from the failure to inform them that the recovery should not be limited to nominal damages, which disposes of the various assignments of error involving that question. It also disposes of the question arising upon the request to charge, given by the court, that if the jury were wholly at sea, and unable to fix a basis of recovery with reasonable certainty, the verdict should be six cents. Evidently, the jury were able to find a basis upon which to permit a recovery.

It is contended next that the court failed to submit to the jury the plaintiff's theory of the case in an intelligent manner. The portion which counsel mentions as omitted is the claim for one-fourth part of the annual *per capita* tax upon members. He says, "The plaintiff had a right to have his theory clearly presented to the jury." We are not informed that a request containing this claim was refused, and we cannot suppose that counsel left the jury in ignorance of it. The court did not intimate that it was not recoverable, and there is no reason to suppose that the jury failed to understand that it was to be considered.

Complaint is made that the court was in error in "refusing to follow the former decision," presumably upon the question of damages. We are not shown a record of such refusal, and the discussion of the subject under the fifth subdivision of the brief does not point out wherein the charge was erroneous.

We find no error in the record of the trial, nor in the refusal of the motion for a new trial, and think it unnecessary to discuss the numerous assignments of error separately.

The judgment is affirmed.

McGRATH, C. J., GRANT and MONTGOMERY, JJ., concurred. LONG, J., did not sit.